# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

John and Judy Berg, Appointed Trustees
for the Heirs of Jeffrey R. Berg, Decedent,

                Plaintiffs,

                                          Civ. No. 08-6048 (RHK/FLN)
                                          **MEMORANDUM OPINION**
                                          **AND ORDER**

v.

County of Hennepin,

                Defendant.

---

Beau D. McGraw, McGraw Law Firm, P.A., Oakdale, Minnesota, for Plaintiffs.

Jean Burdorf, Hennepin County Attorney's Office, Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

In this action, Plaintiffs John and Judy Berg (the "Bergs") have asserted several claims against Hennepin County (the "County") as a result of the death of their son, Jeffrey, while an inmate at the Hennepin County Adult Detention Facility ("ADF"). Presently before the Court is the County's Motion for Summary Judgment. For the reasons set forth below, the Court will grant the County's Motion with respect to the Bergs' lone federal claim, dismiss that claim with prejudice, and decline to exercise

supplemental jurisdiction over the remaining claims.[1]

## BACKGROUND[2]

As a result of his conviction for cocaine possession, Jeffrey was an inmate at the ADF from June 1, 2007, until his death. At approximately 10:20 p.m. on November 11, 2007, Jeffrey was found unresponsive in his cell. Corrections officers were unable to revive him. Paramedics were called to the scene, but their efforts were equally unsuccessful. Jeffrey was pronounced dead a short time later. The cause of death was subsequently determined to be a toxic mixture of cocaine, oxycodone, and trazodone.

The Bergs, appointed trustees of Jeffrey's estate following his death, later commenced the instant action against the County. In their Complaint, they allege several state-law claims sounding in negligence and a lone federal claim: violation of Jeffrey's equal-protection rights, pursuant to 42 U.S.C. § 1983. The County now seeks summary judgment on each claim.

## STANDARD OF REVIEW

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the

---

[1] Having concluded that oral argument would not materially assist the Court's resolution of the pending Motion, the hearing currently scheduled for April 6, 2010, is **CANCELED**.

[2] The Court recites herein only the factual background necessary to understand the federal claim. Those facts are undisputed.

-2-

material facts in the case are undisputed.  Id. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000).  The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party.  Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997).  The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

## ANALYSIS

**I.    The federal claim (Count VII) must be dismissed**

As noted above, the sole federal claim in the Complaint (Count VII) alleges a violation of Jeffrey's equal-protection rights and is brought pursuant to 42 U.S.C. § 1983.  Although the parameters of this claim were somewhat unclear from the Complaint, the Bergs have now explained that it is based on a corrections officer allegedly having taken steps "designed to slow or prevent Jeff from receiving potentially lifesaving treatment" on the day he died.  (Mem. in Opp'n at 33.)  Specifically, the Bergs claim that the officer (Coleman), who was the first person to notice Jeffrey unresponsive in his cell, violated ADF procedures by (1) telling other officers not to hurry to the scene, (2) standing "idly by" and offering no assistance to Jeffrey, and (3) failing to immediately begin CPR when he could not be awakened.  (Id. at 34.)  In other words, the gravamen of the claim is that

Coleman "slowed or prevented [appropriate treatment] from happening," thereby causing Jeffrey "to be treated differently than others who suffer medical emergencies while in the" ADF. (Id. at 35.)

The problem with this claim, however, is that the County – the only Defendant named in the Complaint – cannot be held vicariously liable for Coleman's conduct. E.g., Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999). Rather, as noted in the County's opening brief, municipal liability exists under Section 1983 only if a plaintiff can show that the challenged action was intended to "implement or execute an unconstitutional policy or custom." Johnson v. Outboard Marine Corp., 172 F.3d 531, 535-36 (8th Cir. 1999); accord, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-94 (1978); Reasonover v. St. Louis County, Mo., 447 F.3d 569, 582-83 (8th Cir. 2006). Here, the Bergs have nowhere argued, let alone proffered any evidence, that a municipal policy or custom was the "moving force" behind Coleman's actions. Mettler, 165 F.3d at 1204. Instead, they allege that he *deliberately ignored* the ADF's policies regarding medical treatment in the hope that Jeffrey would die. (See Mem. in Opp'n at 34.) And they have nowhere asserted that Coleman did so due to long-standing customs at the ADF or because of some other (unspecified) jail policy. Simply put, the Bergs have "not identified any official policy [or custom] that arguably played a role in [their] son's death." Mettler, 165 F.3d at 1204. Accordingly, their claim fails.[3]

---

[3] It is possible that the Bergs' allegations would state a Section-1983 claim against Coleman *individually*. But no such claim is alleged in the Complaint, and the Court would not

## II. The remaining claims will be dismissed without prejudice

Having concluded that summary judgment must be granted in the County's favor on the Bergs' federal claim, the Court's original jurisdiction has been extinguished. As a result, it may choose whether to exercise supplemental jurisdiction over the Bergs' pendent state-law claims. 28 U.S.C. § 1367(c)(3); Johnson v. City of Shorewood, 360 F.3d 810, 819 (8th Cir. 2004). And when all federal claims are eliminated before trial, the balance of factors to be considered in deciding whether to exercise supplemental jurisdiction over state-law claims typically militates against exercising jurisdiction. Id. (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). Accordingly, the Court declines to exercise supplemental jurisdiction over the state-law claims here (Counts I-VI), and it will dismiss those claims without prejudice.[4]

---

grant the Bergs leave to assert such a claim at this late juncture even if requested. This action has been pending for nearly eighteen months, the discovery period has been extended twice, and the deadline for adding additional parties expired more than a year ago. (See Doc. Nos. 7, 12, 19.) Moreover, allowing the Bergs to allege such a claim now likely would require discovery to be reopened, in order to flesh out potential defenses such as qualified immunity. Amendment would be inappropriate under these circumstances. See FGS Constructors, Inc. v. Carlow, 64 F.3d 1230, 1235 (8th Cir. 1995) (no abuse of discretion in denying leave to amend and to reopen discovery where request came 18 months after complaint was filed and past deadline for filing motions for leave to amend, and discovery cut-off previously had been extended).

[4] The Court recognizes that the County has asked that the state-law claims be considered on the merits (see Def. Mem. at 15), but the Court declines to do so, particularly since the County has articulated no specific reasons for its request.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. No. 21) is **GRANTED IN PART**. Count VII of Plaintiffs' Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**, and Counts I-VI of Plaintiffs' Complaint are **DISMISSED WITHOUT PREJUDICE**.[5] The hearing on Defendant's Motion, currently scheduled for April 6, 2010, is **CANCELED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: March 29, 2010                  s/Richard H. Kyle
                                                   RICHARD H. KYLE
                                                   United States District Judge

---

[5] See generally 28 U.S.C. § 1367(d).